Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/25/2018 09:08 AM CDT

State of Nebraska, appellee, v.
Michael E. Lane, appellant.
___ N.W.2d ___

Filed March 2, 2018.    No. S-17-150.

1. **Pleas: Appeal and Error.** A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion.

2. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

3. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.

4. ____: ____. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

5. **Pleas.** To support a finding that a defendant has entered a guilty plea freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged.

6. **Convicted Sex Offender: Sentences.** A defendant's duties to register as a sex offender are a collateral consequence to a defendant's sentence. Because registration duties under the Sex Offender Registration

Act are not punitive, a trial court may inform a defendant of the duties imposed under the act before accepting pleas of guilty or no contest, but is not required to do so, and a plea is not rendered involuntary or unintelligent because a defendant was not aware of his or her registration duties.

7. **Convicted Sex Offender.** The notification requirements of Neb. Rev. Stat. § 29-4007 (Reissue 2016) are mandatory.

8. **Sentences: Appeal and Error.** An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced.

9. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.

10. **Effectiveness of Counsel: Records: Appeal and Error.** The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question.

11. ____: ____: ____. An appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance.

12. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Nathan S. Lab, of McGough Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

MILLER-LERMAN, J.

## I. NATURE OF CASE

Michael E. Lane accepted a plea agreement and entered a no contest plea to incest, a Class III felony, on October 31, 2016. At the sentencing hearing, the district court for Douglas County pronounced that Lane was sentenced to 4 to 4 years' imprisonment, with credit for 11 days served, and a term of 2 years' postrelease supervision. Lane appeals. Lane claims that he should be able to withdraw his plea, because at the plea hearing, the State and the district court misinformed him that he would not need to register as a sex offender. As explained below, we reject this assignment of error. Lane challenges his sentence in certain respects. However, because, as we explain below, we are vacating his sentence due to plain error, we do not reach these assignments of error. Finally, Lane alleges ineffectiveness of trial counsel. We do not reach the merits of Lane's ineffectiveness of counsel claims. We affirm Lane's conviction, but because we find error in the sentencing, we vacate Lane's sentence and remand the cause for resentencing.

## II. STATEMENT OF FACTS

Following the denial of Lane's motion to suppress, pursuant to a plea agreement in which Lane agreed to enter a no contest plea, the State filed an amended information charging Lane with incest, a Class III felony, under Neb. Rev. Stat. § 28-703 (Reissue 2016).

At the plea hearing, the State provided a factual basis for the charge. In sum, the victim, who is Lane's niece, reported an incident which occurred on or about November 7, 2015. Lane had been living with the victim's family for about a month when the events giving rise to the conviction occurred. The crime occurred in Douglas County, Nebraska.

At the plea hearing, the district court informed Lane of his constitutional rights and that by pleading, Lane would be giving up all of those rights but for the right to appeal and the right to counsel, and Lane stated that he understood and still wished to plead. While informing Lane of the penalties associated with the crime charged, the court asked the State whether the offense required registration under the Sex Offender Registration Act (SORA), Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016). The State responded that the offense did not require registration under SORA. The parties agree that this advisement by the State and by the district court was incorrect and that an incest conviction requires registration under SORA. See § 29-4003(1)(b)(i)(A)(XIV). Lane's counsel did not object or make a statement regarding this erroneous statement at the plea hearing.

Lane pled no contest. The district court found that the plea was made freely, knowingly, and voluntarily and accepted the plea. The district court found Lane guilty of the charge and sentenced him to 4 to 4 years' imprisonment, with credit for 11 days served, and a term of 2 years' postrelease supervision.

This appeal followed. On appeal, Lane seeks to withdraw his plea, challenges his sentence, and alleges ineffectiveness of trial counsel.

## III. ASSIGNMENTS OF ERROR

Lane claims that (1) because the district court and the State misinformed him that he would not be subject to sex offender registration, he should be permitted to withdraw his plea, and (2) the district erred in the sentence it imposed. Lane further claims that (3) he was prejudiced by ineffectiveness of trial counsel.

## IV. STANDARDS OF REVIEW

[1] A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that

decision only where there is an abuse of discretion. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

[2] Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014).

[3,4] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

As we explain below, we affirm Lane's conviction. However, we find plain error in connection with sentencing, because on the record before us, the district court failed to complete SORA notification obligations. See § 29-4007. Accordingly, we affirm Lane's conviction but vacate his sentence and remand the cause for resentencing. Further, we are unable to reach the merits of Lane's claims of ineffectiveness of trial counsel.

### 1. Withdrawal of Plea

On appeal, Lane contends that he should be allowed by this court to withdraw his plea on the basis that his plea was the product of being wrongly advised by the district court and the State that he was not subject to SORA and its registration duties. We reject this assignment of error. For completeness, we note that our rejection of Lane's claim regarding the propriety of his plea considers only this basis asserted by Lane.

[5] To support a finding that a defendant has entered a guilty plea freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Bol*, 294 Neb. 248, 882 N.W.2d 674 (2016). The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id*.

[6] In *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002), we held that a defendant's duties to register as a sex offender are a collateral consequence to a defendant's sentence. Because the SORA registration duties at issue are not punitive, a trial court may inform a defendant of the duties imposed under SORA before accepting pleas of guilty or no contest, but is not required to do so, and a plea is not rendered involuntary or unintelligent because a defendant was not aware of his or her registration duties. See *id*. See, also, *State v. Payan*, 277 Neb. 663, 765 N.W.2d 192 (2009). Compare *Doe v. Nebraska*, 734 F. Supp. 2d 882 (D. Neb. 2010) (noting difference between civil duties and punitive consequences). Thus, under *Schneider*, the district court's incorrect advisement regarding the collateral SORA consequence of Lane's plea does not invalidate his plea or warrant the relief of withdrawal.

## 2. Sentencing Errors

We have reviewed the record, and on the record before us, we determine that the district court failed to complete the SORA notification requirements of § 29-4007, which the court is mandated to do in a conviction for an offense triggering SORA duties. As a result, we find plain error in sentencing and we vacate the sentence and remand for resentencing.

Lane was convicted of incest pursuant to § 28-703, which is a registrable offense under § 29-4003(1)(b)(i)(A)(XIV). The

State suggests that we vacate the sentence and remand this cause for additional sentencing proceedings, because the record does not show that the district court complied with its duty to inform Lane, in writing, about his duty to register under SORA. See § 29-4007. We agree with the State.

Section 29-4007 provides, in relevant part:

(1) When sentencing a person convicted of a registrable offense under section 29-4003, the court shall:

. . . .

(b) Require the defendant to read and sign a form stating that the duty of the defendant to register under [SORA] has been explained;

(c) Retain a copy of the written notification signed by the defendant; and

(d) Provide a copy of the signed, written notification, the judgment and sentence, the information or amended information, and the journal entry of the court to the county attorney, the defendant, the sex offender registration and community notification division of the Nebraska State Patrol, and the county sheriff of the county in which the defendant resides, has a temporary domicile, or has a habitual living location.

. . . .

(3)(a) The Department of Correctional Services or a city or county correctional or jail facility shall provide written notification of the duty to register pursuant to [SORA] to any person committed to its custody for a registrable offense under section 29-4003 prior to the person's release from incarceration.

[7] We have stated that the notification requirements of § 29-4007 are mandatory. *State v. Pathod*, 269 Neb. 155, 690 N.W.2d 784 (2005). In *Pathod*, we noted that the plain language of § 29-4007 states that when sentencing a person, the court "shall" provide written notification and copies of the notification and corresponding journal entry to various parties.

In *Pathod*, the sentencing court failed to enter a journal entry or notify the defendant at sentencing, but the notice signed by the defendant was filed the day after sentencing and was included in the record. Given all the facts in *Pathod*, we concluded that the court's error in SORA compliance did not invalidate the sentence.

Although the facts we have before us differ, we apply an analysis similar to *Pathod* in the instant case. Here, the State notes that on this record, the court failed to provide written notification to Lane at sentencing or provide copies of the notification and journal entry to the various parties, as required by § 29-4007. Unlike *Pathod*, the record in the instant case does not show whether Lane ultimately received proper advisements regarding his SORA duties, and we do not assume that he did. We agree with the State that the district court plainly erred by failing to comply with SORA notification requirements.

[8] An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014); *State v. Gunther*, 271 Neb. 874, 716 N.W.2d 691 (2006). Accordingly, we vacate Lane's sentence and remand the cause for resentencing compliant with § 29-4007.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

We have reviewed Lane's allegations concerning claims of ineffective assistance of trial counsel, and we determine that the record on direct appeal is not sufficient to address them.

[9,10] Lane is represented on direct appeal by counsel different from the counsel who represented him at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v.*

*Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). Otherwise, the issue will be procedurally barred. *Id*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

[11,12] An appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance. *Id*. An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id*.

### (a) Failing to Notify Lane
### of SORA Duties

Lane has brought to our attention alleged deficiencies regarding his trial counsel's advice regarding his SORA duties. Lane contends the alleged deficiencies justify withdrawal of his plea. Although the record shows Lane's trial counsel did not comment on the question of SORA's applicability at his sentencing hearing, the record is silent regarding whether Lane otherwise received advisements from his trial counsel, including compliance features of § 29-4007, at any other time. In this direct appeal, the record is incomplete on the matter, and we are unable to determine whether Lane's trial counsel performed deficiently regarding advice pertaining to Lane's SORA duties in connection with counsel's advice to enter the plea.

### (b) Waiver of Right to Appeal
### Because of Plea

As noted above, Lane asserts that his plea of no contest was the result of ineffective assistance of trial counsel. As

an additional reason, Lane contends that he was not correctly advised that by entering a plea of no contest, he would give up his right to appeal the denial of his motion to suppress. See, e.g., *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017). Lane argues this is prejudicial because he is now unable to challenge the denial of his motion to suppress his confession to incest, in which motion he claims that he relied on statements by a law enforcement officer implying that to acknowledge the facts of the incident was not to confess to a crime.

Upon our review, we determine that the record is insufficient to review Lane's allegation regarding counsel's advice relative to the plea. The nature of Lane's claim that it was deficient performance for trial counsel to advise him to waive his right to appeal is entwined with his acceptance of a plea deal, and on this record, we cannot review the conduct of Lane's trial counsel.

## VI. CONCLUSION

We affirm Lane's conviction for incest. However, because the district court failed to comply with its obligation to notify Lane of his SORA registration duties, we vacate the sentence and remand the cause for resentencing. Finally, in this direct appeal, the record is insufficient to resolve Lane's claims of ineffectiveness of trial counsel.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.

WRIGHT, J., not participating.