IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RICHARDS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JAMES A. RICHARDS, APPELLANT.

Filed May 5, 2020.    No. A-19-940.

Appeal from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed.

Leslie E. Remus, of Brock Law Offices, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

## INTRODUCTION

James A. Richards appeals from his plea-based conviction in the district court for Gage County for Attempted Third Degree Sexual Assault of a Child, Subsequent Offense. On appeal, Richards contends that his plea was not entered freely, knowingly, intelligently, and voluntarily; that he received ineffective assistance of counsel due to counsel's failure to request a second competency evaluation and permitting him to plead to the offense; and that his sentence was excessive. Finding no error, we affirm.

## BACKGROUND

On March 14, 2018, Richards was charged by information with First Degree Sexual Assault of a Child, Subsequent Offense, a Class IB felony under Neb. Rev. Stat. § 28-319.01(3) (Reissue 2016). The following day, Richards was arraigned and advised of his rights. The court also considered Richards' motion to determine competency and scheduled a further hearing on the

- 1 -

motion. On March 26, the court entered an order directing that a medical, psychiatric or psychological examination of Richard be conducted at the Lincoln Regional Center to determine his competency to stand trial. After receipt of Richards' evaluation, the court held a hearing on June 4 at which the report of the clinical psychologist was received in evidence. The court determined that Richards was incompetent to stand trial and ordered that he be held for continued inpatient services at the regional center until it is determined that he is competent to stand trial.

At a hearing on February 21, 2019, Richards was found to be competent to stand trial, following the completion of a second evaluation which was received in evidence. The second evaluation described Richards' progress while at the regional center and found that he demonstrated consistent understanding of the basic legal information, legal rights, legal actors, evidence, and pleas, as well as an understanding of the charge against him, the penalties, the representation by his attorney, his options, and his preferred outcomes in the case. Specifically, the evaluation determined that Richards understood the assault charge against him involved a young girl that he helped babysit and the possible prison sentence that could be imposed. The evaluation concluded that Richards "has at least minimum contact with reality and the minimum level of intelligence necessary to grasp the events taking place." The evaluation further found that Richards is capable of deciding on a plea and is competent to stand trial. Following receipt of the evidence, Richards was again advised of the charge and his rights. He entered a plea of not guilty.

On June 19, 2019, an amended information was filed charging Richards with attempted third degree sexual assault of a child, subsequent offense, a Class II felony. The same day, Richards entered a plea of no contest. He also stipulated that this was a subsequent offense and waived an enhancement hearing. Before accepting the plea, the district court advised Richards of the nature of the charges, the possible penalties, and advised him of his constitutional rights. The court found that Richards entered his plea knowingly, intelligently, and voluntarily, and that a factual basis for the plea existed. Further details from the plea hearing will be discussed in the analysis section below. On September 4, Richards was sentenced to 30 to 50 years' imprisonment, with credit for 617 days previously served. He was also notified of his responsibility to register under the Nebraska Sex Offender Registration Act.

Richards appeals.

## ASSIGNMENTS OF ERROR

Richards assigns as error that (1) his plea was not entered freely, knowingly, intelligently, and voluntarily; (2) he received ineffective assistance of counsel due to counsel's failure to request a second competency evaluation; and (3) the district court imposed an excessive sentence.

## STANDARD OF REVIEW

A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively

determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Iddings, supra.* Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Lee, supra.*

ANALYSIS

*Plea Not Voluntary.*

Richards argues that his plea was not entered freely, knowingly, intelligently, and voluntarily, and that the district court erred in accepting his plea of no contest. Richards asserts that he was not competent to enter a plea at the time based upon his mental health diagnoses, medication, and concerns about his ability to understand the proceedings.

To support a finding that a defendant has entered a guilty plea freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Lane, supra*. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id*.

Generally, a person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to the proceedings, and to make a rational defense. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018). Ultimately requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he or she has the capacity to understand the proceedings and to assist counsel. *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011).

The record in this case shows that the district court did not err in determining that Richards was competent to enter his plea or in accepting his plea as freely, voluntarily, and intelligently given. At the hearing in February 2019, the court was provided with the second evaluation of Richards after a lengthy stay at the regional center during which time he was provided with services designed to restore his competency. This process resulted in a determination that Richards had sufficient understanding of the proceedings and was competent to consider a plea and stand trial.

At the plea hearing, the court thoroughly examined Richards regarding his understanding of the charge against him, the possible penalties, and of his rights as set forth above. First, the court was provided with the written plea agreement and confirmed with Richards that it was not the first time he had seen the agreement and that he had been discussing the terms of the agreement with his counsel for a while. The court then went over each paragraph of the agreement with Richards: the nature of the amended charge; Richards' agreement to plead guilty or no contest and to stipulate to the prior offense for the purposes of a factual basis; the parties' agreement to mutually stand silent as to any sentencing recommendation and submit the case solely on the information in the Presentence Investigation (PSI); the State's agreement not to file any additional charges against Richards arising out of the investigation at issue; and that if Richards violated the terms of the agreement, the State could declare the agreement null and void. Richards confirmed his

understanding of this agreement. The court questioned Richards further about his understanding that he or his attorney agreed not to recommend any specific sentence or make any kind of statements for leniency. Richards confirmed to the court that he was waiving that right.

Richards thereafter was informed by the court of the charge in the amended information, and that it was a Class II felony which carries a minimum of 1 year in prison and maximum of 50 years. Richards affirmatively indicated that he understood the charge and the possible penalty. The court then stated that it was "going to ask you some questions now to determine how well you understand the proceedings and then I'm going to read you your rights. Feel free to interrupt if there's something you do not understand, and I will give you an opportunity to discuss it with your attorney." The court proceeded to ask Richards biographical questions to which he responded appropriately, followed by a question regarding his disability. Richards indicated that he has "schizophrenia, bipolar, depression, anxiety." Richards denied consuming any alcohol or illegal drugs within the last 24 hours but indicated that he was taking certain prescription drugs for his mental health conditions, which drugs he specifically named. Richards stated that he had been on these medications off and on since he was 9 years old. Richards was 37 years old at the time of the hearing. Richards indicated that one of the medications is brand new and "[i]t makes [him] a little sleepy." The court asked Richards whether any of the medications he is currently on cause him any difficulty understanding what's going on around him, making decisions, or understanding what the court had been talking about. Richards responded "[n]o, sir" to each question. Richards confirmed that he had been under the care of a psychiatrist or psychologist. The court asked Richards whether his "condition deteriorated since you have returned to the Regional Center or do you think you're better or as good?" Richards answered "better." The court then made the following statement:

> The Court finds that the Defendant is following my questions, giving suitable answers to the questions that I've asked fully, including his eyes, speech, and bearing [sic]. He appears to be normal. I conclude on the information provided that he is not at this time affected by alcohol, narcotics or other substances. If he is affected by other substances, the evidence is, and I make the finding, that those substances help him understand the proceedings, what's going on around him and making decisions.

The court asked "[w]ould that sound accurate to you, Mr. Richards?" and Richards answered "[y]es, sir."

Richards' counsel made the following observation on the record:

> I will add, for the record, Your Honor, I know Mr. Richards was evaluated for competency, and had to be at the Regional Center for quite some time. In my interactions with him over the past few weeks, I see a definite improvement in his ability to understand what's going on and communicate, and I will let the Court know that we have been discussing the plea terms, along these lines, for about two to three weeks now going back and forth with the county attorney's office, and I've had numerous conversations with Mr. Richards about that. So I do believe that he understands what's going on and is not in the same position as he was last year.

The court asked Richards "does that sound right?" and Richards answered "[y]es, sir."

In response to the court's further questioning regarding his medications, Richards stated that he was off his medications at the time of the alleged offense but that he was back on his medications, "just different meds." Richards agreed that his condition is stabilized.

The court then proceeded to again inform Richards of his rights and stated:

> All right. I'm going to go over your rights with you. Again, if you don't understand anything, let me know. This is the last time we're going to go over your rights before you enter your plea. So I need to know now if you don't understand anything -- and it's okay to tell me you don't understand -- and I will give you an opportunity to talk to [your counsel]; all right?

Richards responded affirmatively to the above statement. The court then advised Richards of his rights to an attorney, to a jury trial, to a speedy trial within 6 months, to compulsory process, to confront and cross-examine witnesses, to testify or to remain silent which silence cannot be used against him, to require the State to prove his guilt beyond a reasonable doubt, and to appeal final orders of the court. The court further advised Richards that he would be waiving or giving up these rights if he entered a plea although he would retain his right to an attorney and to appeal final orders. Richards responded affirmatively that he understood these rights and the effect of a no contest or guilty plea.

When the court discussed with Richards that he was waiving an enhancement hearing with regard to his prior conviction, Richards hesitated and stated "I'm not --." The court then further explained that the State would have to otherwise prove that the prior offense was a valid conviction; that he was represented by counsel at the entry of plea and sentencing. Richards thereafter confirmed that he understood, that he was waiving his right to an enhancement hearing, and was admitting to the prior offense.

Richards affirmed that he was waiving his rights freely and voluntarily. Richards denied that anybody made any threats or promises to get him to waive his rights other than the plea agreement. The court then found that Richards freely, voluntarily, and intelligently waived his constitutional rights. Before accepting Richards' plea, the court asked whether he understood that a no contest plea would be treated the same as a plea of guilty for sentencing purposes, and Richards affirmed his understanding. The court again asked Richards whether anyone made any threats or promises to get him to waive his rights and enter a no contest plea; Richards responded "[n]o, sir." The court again asked Richards whether he was entering his plea freely and voluntarily; Richards responded "[y]es, sir."

Following this lengthy colloquy, a factual basis was presented by the county attorney by way of presenting a copy of the arrest warrant. Defense counsel had no objection to the warrant being used in lieu of an oral summary of the facts. The county attorney further stated that Richards was previously convicted of first degree sexual assault of a child in 2007. The court indicated that it was using the Affidavit for Arrest Warrant dated February 6, 2018, from the county court as the factual basis. Richards confirmed that he had had an opportunity to review the affidavit and had no objection to the court receiving it as a factual basis for the offense. The affidavit indicated that Richards had subjected the 3-year-old victim to digital and oral penetration.

The court concluded the plea hearing by finding that Richards' plea was not the result of any promise or threat and was made freely and voluntarily. The court accepted the plea and found Richards guilty of the charge in the amended information beyond a reasonable doubt.

In our review, it is clear that the district court took considerable precaution and effort to ensure that Richards was competent to enter his plea; that he understood the nature of the charge against him, the possible penalties, and the rights that he was waiving; and that his plea was intelligently, freely, and voluntarily given. These findings were not clearly erroneous. We find no abuse of discretion by the district court in accepting Richards' plea.

*Ineffective Assistance of Trial Counsel.*

Richards argues that he received ineffective assistance of counsel due to counsel permitting him to enter a no contest plea. Richards asserts that based upon his recent change of medication that made him "sleepy" at the time of the plea hearing, his uncertainty about waiving his rights, and the previous determination that he was incompetent to stand trial, his counsel should have objected to the entry of the plea and requested a second competency evaluation.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that the deficient performance actually prejudiced the defendant's defense. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

Richards suggests that this Court may find the record insufficient to determine his claim of ineffective assistance of counsel and if so, requests that his claim be preserved for further investigation during a postconviction action. To the contrary, we find the record is sufficient to review the merits of Richards' claims.

As shown by the recitation from the plea hearing provided above, the district court engaged Richards in a lengthy colloquy. Although Richards indicated a new medication made him a "little sleepy," he did not otherwise exhibit or express any difficulty following the court's questions or responding appropriately. With regard to Richards' claim of uncertainty about waiving his rights, the only show of uncertainty in the plea hearing related to the waiver of an enhancement hearing for the prior offense. The court further explained to Richards the State's burden to prove the validity of the prior offense and that Richards was agreeing to waive that requirement. Richards then indicated his understanding and agreement to that provision of the plea agreement. At no time did Richards interpose any questions to the court despite its repeated invitation for Richards to advise the court if he did not understand anything. Reviewing the entirety of the plea hearing, it is clear that Richards was given a very thorough explanation of his rights, that he understood those rights, and that he freely waived those rights. Finally, although there was an initial finding that Richards was not competent to stand trial following the filing of the information, following several months of services at the regional center, Richards' competency was restored and there was no basis for requesting a second evaluation prior to entering a plea. Counsel recited on the record his

interactions with Richards following the restoration of his competency and counsel's belief that Richards understood the proceedings and his plea. In sum, the record refutes that Richards' trial counsel was deficient in allowing Richards to enter his plea of no contest.

*Excessive Sentence.*

Richards was convicted of a Class II felony, which is punishable by one to 50 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). The sentence imposed by the district court was within the statutory limits. Where, as here, a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the sentencing hearing, the district court confirmed with the attorneys and Richards that they all agreed to remain silent with respect to sentencing and submit the decision based on the PSI. Richards confirmed that he did not have anything to state to the court. The court indicated that it had reviewed the PSI, and had considered the statutory factors including Richards' age, his social and cultural background, his education and experience, motivation for the offense, "which, although not discussed, there's a pattern of behavior with [Richards] in 2002." The court noted Richards' prior conviction of intentional child abuse for which he was placed in the Work Ethic Camp as a term of probation, but was discharged first for trying to escape, and later for lack of compliance and cooperation with staff. The court noted Richards' 2016 conviction of sexual assault of a child and his subsequent violations of SORA in January and May of 2019, along with the revocation of his probation and sentence therefore. The court noted Richards' mental health diagnoses and his past failure to be compliant with his medications, along with his failure to take responsibility for, or to minimize, his actions resulting in the charge. The court concluded that Richards was not a suitable candidate for probation, and sentenced him to 30 to 50 years' imprisonment, with credit for 617 days served.

For the sake of completeness, we note from our review of the PSI that Richards had additional criminal convictions beyond those noted by the district court for violating a protection order, false reporting, driving under suspension, and various traffic offenses. In addition, Richards had several previous psychiatric hospitalizations. He completed his GED while incarcerated and receives Social Security disability payments. On the Level of Service/Case Management Inventory, he scored in the overall high risk level to reoffend. On the Vermont Assessment of Sex Offender Risk, he scored in the moderate-high risk level overall. In our review of the record, including the PSI and statutory factors, we cannot find an abuse of discretion by the district court in imposing sentence.

## CONCLUSION

The district court did not abuse its discretion in accepting Richards' plea of no contest or in sentencing him. The record is sufficient to determine Richards' claim of ineffective assistance of counsel, which claim we find to be refuted. We affirm Richards' conviction and sentence.

AFFIRMED.