IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BLACKWELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DENOTTA M. BLACKWELL, APPELLANT.

Filed January 31, 2023.    No. A-22-421.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge, on appeal thereto from the County Court for Lancaster County: MATTHEW L. ACTON, Judge. Judgment of District Court affirmed.

Tyler A. Egenes, of Glasz Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

INTRODUCTION

Denotta M. Blackwell appeals her plea-based conviction and sentence entered in the county court for Lancaster County and affirmed by the district court. On appeal, Blackwell challenges whether her plea was made understandingly and voluntarily. She also claims ineffective assistance of counsel and that her sentence is excessive. We affirm.

BACKGROUND

On January 3, 2020, Lincoln Police Department officers arrested Blackwell for theft by shoplifting ($0-$500). The employees of Ash & Ash Co. showed officers security footage of Blackwell holding up a shirt to conceal her putting another shirt into a green, reusable shopping

- 1 -

bag. Although Blackwell told officers she had purchased the shirt at JCPenney, employees confirmed it was from Ash & Ash Co. and valued it at $30.

On January 6, 2020, the State filed a complaint in the county court charging Blackwell with theft by shoplifting ($0-$500), second offense. After the State confirmed to the county court that it would be pursuing jail time for Blackwell, the court appointed counsel for Blackwell. It then accepted Blackwell's plea of not guilty to the charge, set bond, and continued the case.

A jury docket call hearing was scheduled for June 15, 2020. Blackwell did not appear, so her counsel requested a continuance since he had not spoken with her since prior to the beginning of the COVID-19 pandemic. The county court set a hearing for the following week.

Blackwell was not present for the June 23, 2020, hearing. Her counsel chose to remain silent but did tell the court that he knew Blackwell had been in Illinois the week prior at a shelter fleeing domestic violence. The county court responded that while it would consider Blackwell's situation, she also had a felony warrant for violating post-release supervision by failing to report. The county court ultimately issued a bench warrant and granted the State leave to add a failure to appear count to the complaint.

*Plea Agreement.*

On October 19, 2021, Blackwell appeared and agreed to enter into a plea agreement with the State. In return for her plea of no contest and stipulating that the theft by shoplifting would be a second offense enhancement, the State would dismiss the failure to appear charge and, according to Blackwell's counsel, would not "consider amending the charge to a felony." In response, the county court asked Blackwell if it was her "understanding that if you plead to the second offense, that [the State is] going to dismiss the failure to appear and they won't make this a felony." Blackwell responded affirmatively.

The county court then explained that by pleading no contest to theft by shoplifting ($0-$500), second offense, Blackwell could face up to 1 year imprisonment, $1,000 fine, or any combination of the two. It asked if Blackwell understood the possible penalties, and Blackwell responded affirmatively. The court continued by asking Blackwell if she understood that she was giving up several rights under both the U.S. and Nebraska Constitutions by pleading no contest, including her right of presumption of innocence, right to confront and cross-examine witnesses, the right against incrimination, the right to remain silent, and the right to a jury or bench trial. She responded affirmatively.

Blackwell confirmed that she had enough time to consult with her attorney, and maintained she wished to plead no contest. The court then repeated its understanding of the plea agreement, by stating the "State's going to dismiss Count 2 and agree not to enhance it to a third offense felony in exchange for her plea and her stipulation that it's a valid prior." It asked Blackwell again if this was her understanding of the entire plea agreement, which Blackwell affirmed.

The State then provided the factual basis that officers were dispatched to Ash & Ash Co. on January 3, 2020, to investigate a report of two females concealing items in the store. After contacting the two women in a different store, the officers found Blackwell with a green, reusable shopping bag with a tan shirt in it. Despite Blackwell's claim that she bought the shirt at JCPenney, officers confirmed with security footage that Blackwell took the shirt from Ash & Ash Co.and it was valued at $30.

After Blackwell affirmed to the court that she still wished to plead no contest, the court accepted her plea. Following the terms of the plea agreement, the county court then accepted the parties' stipulation, found Blackwell guilty of theft by shoplifting, second offense, and the State dismissed the failure to appear charge.

*Sentencing.*

At the sentencing hearing, Blackwell's counsel argued that the county court should consider her circumstances, including that the offense occurred in 2020, only one item valued at $30 was taken, and it was recovered. Counsel argued that Blackwell has acknowledged her previous theft history and she was trying to do better. She has stable housing in Lincoln. She cares for her grandchildren, and her children live nearby. She does suffer from mental illness, but she is undergoing medication management and therapy. Blackwell's counsel ultimately argued that the county court should sentence Blackwell to a fine or probation.

The State argued that Blackwell should be sentenced to a term of imprisonment. The State provided that Blackwell had 15 local, state statute theft convictions, and 6 of those were felony convictions. She also had multiple city theft convictions. The State concluded that Blackwell's significant history of theft merited imprisonment.

The county court stated that it considered comments of counsel, Blackwell's information from the factual basis, and the statutory and case law factors for sentencing. It noted that Blackwell's last conviction was in 2017 and she was given 2 years' imprisonment followed by post-release supervision, but she failed to report for that supervision. It explained that a fine would depreciate the seriousness of the offense and promote further disrespect for the law. Furthermore, it stated Blackwell cannot be placed on probation again since she failed to report for supervision on her last conviction. After considering the nature and circumstances of the crime; Blackwell's history, character, and condition; and that the risk is substantial that during a period of probation Blackwell would reoffend, the county court sentenced Blackwell to 9 months' imprisonment.

*District Court Appeal.*

Blackwell appealed to the Lancaster County District Court. She argued eight assignments of error, all of which she now assigns on appeal. The district court summarily found the assigned errors without merit and affirmed the county court's judgment. Blackwell now appeals to this court.

ASSIGNMENTS OF ERROR

Blackwell assigns several errors. She asserts that the county court erred (1) by not properly advising Blackwell of her constitutional rights as guaranteed by the U.S. and Nebraska Constitutions; (2) by not properly advising Blackwell before accepting her plea of no contest; (3) by advising Blackwell that by pleading no contest, the State would not "make this a felony"; (4) by determining Blackwell made her no contest plea freely, intelligently, voluntarily, and understandingly; and (5) in imposing an excessive sentence. Blackwell also assigns her counsel was ineffective (6) in providing effective assistance of counsel; (7) in advising Blackwell of her Due Process Rights guaranteed under the U.S. and Nebraska Constitutions; and (8) in advising her

to enter into a no contest plea. Lastly, Blackwell assigns (9) the district court erred by affirming the county court's judgment.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Collins*, 307 Neb. 581, 950 N.W.2d 89 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id*.

A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Stelly*, 304 Neb. 33, 932 N.W.2d 857 (2019). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

## ANALYSIS

As a preliminary matter, Blackwell's assigned errors do not match the arguments in her brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by the appellate court. *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021). Blackwell does not argue assigned error (8) that her counsel was ineffective by advising her to enter into a no contest plea; thus, we will not consider it.

Additionally, for ineffective assistance of counsel claims made on direct appeal, *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), requires that the assignments of error specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. Under *Mrza*, assigned error (6) is not specifically alleged, as it assigns "trial counsel was ineffective in providing effective assistance of counsel," so we will not consider it either. Brief for appellant at 5.

*Adequacy of Plea.*

Blackwell's first four assignments of error can be restated into one: Blackwell's plea of no contest was not given freely, intelligently, voluntarily, and understandingly. This iteration mirrors

Blackwell's argument in her brief. She argues that the county court improperly advised her of her rights when it told her that the terms of the plea agreement included that the "charge would not be 'made' a felony by the State of Nebraska." *Id*. at 10. She claims that the county court's recitation of the plea agreement was "fundamentally different" than the terms of the plea agreement, so it confused her and changed the nature of the agreement. *Id*.

To support a finding that a defendant entered into a guilty or no contest plea freely, intelligently, voluntarily, and understandingly, a court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). The record must also establish a factual basis for the plea and that the defendant knew the range of the penalties for the crime charged. *Id*.

The record establishes that the county court informed Blackwell of the nature of the charge and the range of the penalties for theft by shoplifting, second offense. It appointed counsel to Blackwell, and when asked by the court, Blackwell stated she was satisfied with her counsel's representation. The county court also informed Blackwell that she had the right to confront witnesses, the privilege against self-incrimination, and the right to a jury or bench trial. Lastly, the record shows that the State provided a factual basis for the crime charged. Therefore, all elements are met to find Blackwell entered into her no contest plea freely, intelligently, voluntarily, and understandingly.

Even after informing Blackwell of her rights, the county court repeated the plea agreement and asked Blackwell a second time if it matched her understanding. Blackwell answered affirmatively, which refutes her claims now that the county court's choice of words confused her. Although Blackwell argues there is a fundamental difference between defense counsel's statement—that the State would not *consider* making her theft a felony and the county court's statement—that the State would not *make* her theft a felony, we are unable to see a meaningful distinction. Altogether, the county court's recitation of the plea agreement did not alter its meaning; thus, it did not abuse its discretion in accepting Blackwell's plea of no contest, as she did so freely, intelligently, voluntarily, and understandingly.

*Ineffective Assistance of Counsel.*

Blackwell contends that trial counsel was ineffective because her counsel failed to inform her that if she was charged with a felony, then she would have the right to a preliminary hearing. And at this preliminary hearing, the State would have to establish probable cause for the felony charge. Essentially, Blackwell argues without the plea agreement, the State would have charged her with a felony, so "by not advising [Blackwell] of her right to a preliminary hearing if the charge was amended to a felony, trial counsel effectively deprived [Blackwell] of that right." Brief for appellant at 11. Blackwell's counsel on appeal is different than her trial counsel.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, and that this deficient performance prejudiced their defense. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide deficient performance and whether the defendant was or was not prejudiced by counsel's

alleged performance. *Id*. For a conviction based on a plea of no contest, the prejudice requirement is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, they would have insisted on going to trial instead of pleading no contest. *Id*.

An ineffective assistance of counsel claim that is raised on direct appeal may not be resolvable, as the determining factor is whether the record is sufficient to adequately review the question. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). The record on direct appeal is sufficient to review a claim of ineffective assistance of trial counsel if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Anderson, supra*.

Here, trial counsel was not deficient for failing to inform Blackwell of rights she did not have under the charges as filed. The right to a preliminary hearing only attaches if the defendant is charged with a felony. Neb. Rev. Stat. § 29-504 (Reissue 2016). Since Blackwell was charged with a misdemeanor, her counsel had no duty to inform her of rights she did not have yet but may attain under different circumstances. Unlike Blackwell's contention, there is nothing in the record to show that it was a foregone conclusion the State would amend the charges if she rejected the plea agreement. And if the State amended her charge to a felony, then the right to a preliminary hearing would have attached. But Blackwell did not have the right to a preliminary hearing when she entered into her plea agreement. Therefore, trial counsel was not ineffective for failing to inform Blackwell she had a right to a preliminary hearing if she was charged with a felony.

Additionally, Blackwell's ineffective assistance of counsel claim for trial counsel not requesting a presentence investigation report was not specifically assigned, so we will not consider it. See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

*Excessive Sentence.*

Blackwell argues that her sentence was excessive. She contends that the county court abused its discretion because it did not adequately consider her mental health diagnoses, treatment progress, or support system in its sentence.

Blackwell was convicted of theft by shoplifting ($0-$500), second offense, a Class I misdemeanor. Neb. Rev. Stat. § 28-511.01 (Reissue 2016); Neb. Rev. Stat. § 28-518 (Reissue 2016). A Class I misdemeanor carries a maximum sentence of 1 year imprisonment, $1,000 fine, or any combination of the two. Neb. Rev. Stat. § 28-106 (Reissue 2016). The county court sentenced Blackwell to 9 months' imprisonment; thus, her sentence is within the statutory limits, so we review for an abuse of discretion.

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a

subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Here, the county court stated it considered the comments of counsel, Blackwell's information from the factual basis, and the statutory and case law factors for sentencing. Each factor could be surmised from the arguments made at the sentencing hearing and the factual basis surrounding Blackwell's conviction. There is no requirement the sentencing court apply the factors mathematically or explain its reasoning for each factor on the record. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

The record establishes that Blackwell was 51 years old at sentencing. She had 15 prior state statute theft violations and multiple city theft convictions. She was placed on post-release supervision in Sarpy County, but never reported to her probation officer. She is currently unemployed and her only source of income is through disability payments. She cares for her grandchildren and has stable housing. Blackwell stole a shirt worth $30, and when confronted by police, she lied and told them she bought it at JCPenney. It was stipulated by both parties that this charge would be treated as a second offense. Accordingly, the county court did not abuse its discretion in sentencing Blackwell to 9 months' imprisonment. And since the county court did not abuse its discretion, the district court did not err in affirming the county court's sentence.

CONCLUSION

For the aforementioned reasons, we affirm Blackwell's conviction and sentence.

AFFIRMED.