WILLIAM CLARY, Respondent, v. DAVID HOAGLAND,
Petitioner.

C. obtained a judgment against H. in the County Court of Yolo County, for the
restitution of certain lands ; defendant appealed to the District Court. where
the judgment was affirmed, and the defendant again appealed to the Supreme
Court, where both judgments were reversed, and the cause was remanded to
the District Court for further proceedings. After the remittitur was filed in
the District Court, the County Court issued a mandamus commanding the Clerk
to issue a writ of restitution, pursuant to the original judgment in that Court,
and on the petition of H., a *certiorari* was issued, to remove the proceedings to
the Supreme Court. *Held*, on motion to dismiss the writ, that the writ of *cer-
tiorari* was the proper remedy ; that the judgment sought to be enforced having
been reversed by the Supreme Court, the County Court exceeded its jurisdiction
in issuing the mandamus.

A party against whom a judgment is sought to be enforced, although not a party
to the mandamus, may apply for a writ of *certiorari*.

PETITION for a writ of *certiorari*, commanding R. H. Baskett, the
Clerk of the County Court of Yolo County, to certify the proceedings
in a certain cause to this Court.

The facts are fully set forth in the opinion of the Court.

*James C. Zabriskie*, for Petitioner.

*Robinson, Beatty & Wallace*, and *John Heard*, for Respondent.

County Courts have authority to issue writs of mandamus, when ne-
cessary to the exercise of their jurisdiction. Comp Laws, 745, § 45.

The proceedings for a mandamus is an action in which an appeal will
lie. See Marbury v. Madison, 1 Cranch, 137.

This is an attempt to revise the judgment of the Court below by
*certiorari*, which is prohibited by the statute. " A judgment or order
in a civil action may be reviewed as prescribed in this chapter, and not
otherwise." Comp. Laws, 580, § 333.

The mode sought to be pursued in this case, is not in conformity
with the provisions of that chapter—and all others are prohibited.

The 456th section of Practice Act, Comp. Laws, 601, determines in
what cases a writ of certiorari shall issue, and confines it to cases where
an inferior Court has exceeded its jurisdiction, and there is no appeal

or any other remedy. It has already been shown that the County Court has authority to issue a writ of mandamus, and also that from its judgment in such a case, an appeal would lie.

The applicant should have had the errors complained of corrected by appealing, and giving bond as required by statute. In that case, Baskett might have appealed, and there is no want of jurisdiction.

This case is singular. Clary sues out a mandamus against Baskett; from the judgment in that case, Hoagland, who is a stranger thereto, applies for a writ of certiorari, to revise and review the doings of the Court below in the premises.

The decision of the County Court on application for mandamus, cannot injure or affect Hoagland. He is a stranger thereto. It is *res inter alios acta.* If any wrong is about to be done him, his remedy is open and apparent.

TERRY, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

In July, 1851, William Clary obtained a judgment against David Hoagland, in the County Court of Yolo County, for the restitution of certain land described in the judgment. The defendant appealed to the District Court of the Eleventh District, and in November, 1851, said District Court affirmed the judgment of the County Court. From this judgment, defendant appealed to the Supreme Court; the Supreme Court reversed the judgment of the District Court, and also of the County Court, and ordered, that the cause be remanded to the District Court for further proceedings.

The remittitur was filed in the District Court on the 9th day of November, 1853. On the 10th of April, 1855, the County Court of Yolo County issued a peremptory mandamus, commanding the Clerk of said Court to issue a writ of restitution pursuant to the judgment rendered July, 1851; and, on the 19th of April, 1855, a writ of certiorari was issued on the petition of Hoagland, commanding the Clerk of the said County Court to certify the proceedings in the cause to this Court.

The respondent now moves to dismiss the writ: First, because there is an adequate remedy by appeal—the County Court having jurisdic-

tion to award mandamus. Second, because Hoagland is a stranger to the proceedings, and not interested in them.

The 456th section of the Act to regulate Proceedings in Civil Cases, provides, that the writ of certiorari shall issue in all cases, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy.

This is evidently one of the class of cases referred to in that section. The judgment which was sought to be enforced, has been reversed by the Supreme Court. The County Court, in issuing the mandamus, exceeded its jurisdiction, and the writ of certiorari was the proper remedy.

The second point is, that Hoagland being a stranger to the proceedings, and not affected thereby, could not properly apply for the writ.

From the record, it appears that Hoagland was the party against whom the judgment sought to be enforced was rendered, and was the party in interest.

We are of opinion that the writ of certiorari was properly issued. Motion denied, with costs.