STATE OF NEBRASKA, APPELLEE, V. DEAN D. MCKICHAN,
APPELLANT.

364 N.W.2d 47

Filed March 22, 1985.   No. 84-556.

Judy L. Raetz, Dawes County Public Defender, for
appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard,
for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant has appealed a sentence of imprisonment of
18 months following his conviction on a plea of guilty to the
offense of criminal nonsupport in violation of an order of the
court. As provided for by Neb. Rev. Stat. § 28-706 (Reissue
1979), this is a Class IV felony.

The defendant assigns as errors, first, that the sentence is
excessive, and, second, that the court erred in applying the cash
bail bond posted by the defendant to the costs of this appeal.

A sentence imposed within the statutory limits will not be
disturbed on appeal absent an abuse of discretion by the
sentencing court. *State v. Olson*, 217 Neb. 130, 347 N.W.2d 862
(1984).

The facts recited by the county attorney at the time of
arraignment, contained in the presentence report, and
uncontested by the defendant, are as follows: Following a
divorce proceeding in South Dakota, the defendant was
ordered to pay $105 per month child support commencing July

1, 1977. By June of 1981 he had paid but a total of $270. Proceedings under the Revised Uniform Reciprocal Enforcement of Support Act, Neb. Rev. Stat. §§ 42-762 et seq. (Reissue 1984), resulted in an order by the circuit court for Beadle County, South Dakota, requiring the defendant to pay $155 per month, a portion of which was to apply on his arrearage of $5,565. He made one payment of $100 during the period January 25, 1982, to July 26, 1982. The defendant was then charged with criminal nonsupport in the district court for Dawes County, Nebraska. He pleaded guilty to a reduced charge of child abandonment. He was placed on probation for 2 years and ordered to make the payments as earlier provided. He apparently made the proper payments for 5 months, but then discontinued paying anything, commencing in May of 1983. This present charge followed.

The record disclosed that during that last period of time, the defendant was fully employed, earning $750 per month. The defendant's only excuse for the original default which allowed this great delinquency to build up was that his former wife never asked him for support payments and he "got away from paying it."

We find no abuse of discretion on the part of the sentencing judge.

Pending sentencing, the defendant had been free on bail, having deposited $200 cash with the clerk's office, apparently amounting to 10 percent of a $2,000 bond. After sentencing, the court raised his appearance bond to $10,000. He was unable to post a bond that large and therefore surrendered himself to the court and requested that the original bond be discharged. He also asked that the statutory balance of the funds in support of the bond, in the amount of $180, be released to him.

The trial court ruled that the bail bond be released but that the clerk of the court hold the proceeds to apply on the costs of defendant's appeal to this court. The defendant argues that because the court had sustained his motion to proceed in forma pauperis and for the appointment of counsel, he was entitled to the return of his bond deposit unencumbered. Although not assigned as error, defendant's counsel argued that the trial court had in effect ordered that the appeal costs shall not exceed the

balance of defendant's deposit. This, of course, would be impermissible, but it is not what the court in fact ordered.

The question presented to us is not so much whether the defendant was entitled to proceed in forma pauperis under the provisions of Neb. Rev. Stat. § 25-2301 (Reissue 1979). That was decided by the trial court in its order sustaining that motion. Rather, we must decide what authority the court has over a bail deposit under the provisions of Neb. Rev. Stat. § 29-901(3)(a) (Reissue 1979). That subsection, which provides for the deposit of cash in a sum of not more than 10 percent of the amount of appearance bond posted, goes on to state "ninety per cent of such deposit to be returned to the defendant upon the performance of the appearance or appearances, and ten per cent to be retained by the clerk as appearance bond costs."

In *Crowell v. Circuit Court*, 50 S.D. 276, 209 N.W. 539 (1926), a South Dakota statute provided that deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail. The defendant was convicted, and the court ordered payment of the fine imposed out of the cash deposit made in lieu of bail. The Supreme Court reversed, stating: "We have no statute permitting a cash deposit given in lieu of bail for appearance to be applied by the court in payment of a judgment." *Id.* at 279, 209 N.W. at 540. The court distinguished the statutes under its code of civil procedure, which specifically subjected a cash deposit to the payment of a judgment. The court went on to say:

> Finally, the statute says that the cash deposit is the equivalent of bail. If that is so, then the right of the owner of the cash deposit is the same as would be his right if he were surety on a formal bail bond. In such a case it would not be claimed that the bond for appearance would be held to cover a liability under the judgment.

*Id.*

Bolstering the reasoning of the South Dakota court are two cases which reached somewhat contrary results: *State v. Grant*, 44 Or. App. 671, 606 P.2d 1166 (1980), and *People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194 (1978). However, as stated in *Grant*, the section of the Oregon statute, which is similar to our § 29-901(3)(a), provided:

"* * * When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, the clerk of the court shall return to the accused, *unless the court orders otherwise*, 90 percent of the sum which has been deposited and shall retain as security release costs 10 percent of the amount deposited." (Emphasis supplied.)

606 P.2d at 1167.

In *Nicholls* the court pointed out that the Illinois statute, which provides for the deposit of 10 percent of the bail, goes on to state:

"After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made . . . the balance of such deposit, after deduction of bail bond costs, shall be applied *to the payment of the judgment.*" (Emphasis added.) [Citation omitted.] Thus, under this section the deposit of 10% of the bail is not only for the purpose of ensuring defendant's presence in court at an appointed time but also constitutes a fund from which a judgment for fine and costs against the defendant may be satisfied without the necessity of having an execution issue and a levy made upon the deposit . . . .

71 Ill. 2d at 177, 374 N.E.2d at 198.

We therefore hold that the deposit of cash in lieu of or in support of bail under § 29-901 is for the purpose only of ensuring the defendant's appearance in court when required; and upon full compliance with any such court orders and release of bail, the statutory refund must be made. The district court's order is modified accordingly.

The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.