Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/15/2021 09:08 AM CST

**State of Nebraska, appellee, v.
Miranda M. Collins, appellant.**
___ N.W.2d ___

Filed October 23, 2020.    No. S-19-959.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.
2. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.
5. **Criminal Law: Courts: Appeal and Error.** When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.
6. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.
7. ____: ____. Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits.
8. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

9. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently.

10. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.

11. **Effectiveness of Counsel: Appeal and Error.** An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance.

12. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

13. **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

14. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

15. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

16. **Statutes.** To the extent there is a conflict between two statutes, the specific statute controls over the general statute.

17. **Statutes: Legislature: Presumptions: Intent.** In enacting a statute, the Legislature must be presumed to have knowledge of all previous legislation upon the subject. The Legislature is also presumed to know the language used in a statute, and if a subsequent act on the same or similar subject uses different terms in the same connection, the court must presume that a change in the law was intended.

18. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's

performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

19. ____: ____. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

20. ____: ____. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

21. **Words and Phrases.** A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Appeal from the District Court for Lancaster County, Susan I. Strong, Judge, on appeal thereto from the County Court for Lancaster County, Timothy C. Phillips, Judge. Judgment of District Court affirmed.

Stephanie Flynn, of Stephanie Flynn Law, P.C., L.L.O., and Toni Wilson, of Leija Wilson Law, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Miranda M. Collins appeals the order of the district court for Lancaster County which affirmed her convictions and sentences in the county court for Lancaster County for operating a motor vehicle to avoid arrest and obstructing a police officer. Collins claims on appeal that the district court erred when it affirmed what she asserts was an excessive sentence imposed by the county court and when it affirmed the county court's order directing that her appearance bond be applied to fines and costs. She also claims that trial counsel provided ineffective assistance because counsel failed to present sufficient evidence and information at the sentencing hearing. We affirm

the order of the district court which affirmed Collins' convictions and sentences.

## STATEMENT OF FACTS

On March 22, 2019, Collins was arrested, and the State filed a complaint in the county court charging her with operating a motor vehicle to avoid arrest in violation of Neb. Rev. Stat. § 28-905 (Reissue 2016). The State alleged, inter alia, that the offense was committed "in willful reckless operation of the motor vehicle," and the State therefore charged the offense as a Class IV felony pursuant to § 28-905(3). The factual basis presented by the State indicates that the charge arose from an incident in which, during a traffic stop of a vehicle driven by Collins, the officer detected the odor of marijuana and asked Collins to step out of the vehicle so that the officer could conduct a search. Collins refused to step out of the vehicle, and instead, she rolled up her windows, locked the doors, and sped off in the vehicle. The county court found probable cause to detain Collins and set an appearance bond of "$7,500.00 Ten Percent." On March 25, Collins filed an appearance bond which stated that $750 had been deposited "in cash 90% of which shall be returned to the defendant upon appearance as required above and 10% of which shall be retained by the Clerk for bond costs."

On April 3, 2019, pursuant to a plea agreement, the State filed an amended complaint in which it reduced the charge of operating a motor vehicle to avoid arrest to a Class I misdemeanor under § 28-905(2) and added a charge of obstructing a peace officer, a Class I misdemeanor, in violation of Neb. Rev. Stat. § 28-906 (Reissue 2016). Collins pled guilty to both charges, and the county court found a factual basis and found Collins guilty of both charges. That same day, after granting Collins a sentencing allocution, the county court ordered Collins to pay a fine of $750 on the conviction for operating a motor vehicle to avoid arrest and to pay a fine of $250 on the conviction for obstructing a peace officer. In connection with the conviction for operating a motor vehicle to avoid

arrest, the county court also ordered that Collins' driver's license be revoked for 1 year. The court ordered Collins to pay costs, and the court further ordered that after the $75 (representing 10 percent of the deposit) had been retained by the clerk, the $675 balance held on Collins' appearance bond be applied to payment of the fines and costs imposed as part of her sentence.

On April 5, 2019, Collins' counsel filed a motion for new trial in which he asserted that subsequent to the April 3 sentencing hearing, he had learned new information that, if he had known of it at the time of Collins' sentencing, he would have offered for the court's consideration. Counsel characterized such information as "newly discovered evidence," which he alleged required a new trial. That same day, counsel also filed a motion to reconsider sentence in which counsel alleged that the "newly discovered evidence" required the court to reconsider the sentence imposed. Counsel's particular objection to the sentence focused on the revocation of Collins' driver's license for 1 year.

In his affidavit, Collins' counsel stated that in a separate case, Collins anticipated being bonded into drug court; that she risked losing her housing if she could not demonstrate participation in a drug treatment program; and that a prompt resolution of the present case was necessary to avoid delaying her entry into drug court in the other case. Counsel stated that the urgency to resolve the present case limited the time he had to prepare with Collins for sentencing and that therefore, he did not learn certain relevant information about Collins before the April 3, 2019, plea and sentencing hearing. Counsel asserted the new information was generally that Collins was a single mother and a student who had no family or friends who could help her with transportation and that if her driver's license were revoked, she would not be able to transport her children to school or transport herself to attend classes.

After a hearing, the county court denied both Collins' motion for new trial and her motion to reconsider sentence. At the hearing on the motions, the county court stated that if

it "had known some of these things beforehand, [it] probably would have likely ruled differently," but it did not think that it could "go back and change it at this point in time based on these motions the way they're brought before the Court." In response to Collins' query regarding the bond, the county court stated that it did not think it could be returned to her because the bond had "already been applied." In the order denying the motions, the county court stated that the appearance bond was to remain applied to fines and costs and not returned to Collins.

Collins appealed her convictions and sentences to the district court. In her statement of errors, Collins claimed that the county court (1) imposed an excessive sentence when it revoked her driver's license and (2) erred when it ordered that her bond be applied to fines and costs.

After a hearing, the district court entered an order which affirmed Collins' convictions and sentences. Regarding Collins' claim of excessive sentence, the district court noted that the sentence of a $750 fine and a 1-year license revocation for operating a motor vehicle to avoid arrest was within the statutory limits. The district court noted that Collins had requested that she be sentenced to probation rather than imprisonment to facilitate her participation in drug court in a separate case. Because the county court had declined to impose either imprisonment or probation, which would have been within the statutory limits, the district court found the sentence of a fine and revocation to be lenient considering the nature of the offense. The district court determined that the county court's sentence was not based on reasons that were untenable or clearly against the evidence, and it concluded that the sentence imposed by the county court was not an abuse of discretion.

Regarding the county court's order to apply the bond to fines and costs, Collins argued that the order violated Neb. Rev. Stat. § 29-901 (Cum. Supp. 2018) and case law interpreting that statute, which Collins asserted made it mandatory for the court to return 90 percent of the bond deposit to her. The

district court noted, however, that subsequent to the case law cited by Collins, the Legislature had amended Neb. Rev. Stat. § 29-2206 (Reissue 2016) to allow a court to deduct fines or costs from a bond posted by the offender. The district court concluded that the county court appropriately exercised its discretion when it applied the bond deposit to fines and costs imposed in Collins' sentence.

Collins appeals the district court's order which affirmed her convictions and sentences in the county court. The district court appointed new counsel to represent Collins on appeal.

## ASSIGNMENTS OF ERROR

Collins claims that the district court erred when it rejected her claims that (1) the county court imposed an excessive sentence for operating a motor vehicle to avoid arrest and (2) the county court erred when it ordered that her bond be applied to fines and costs. Collins also claims that she received ineffective assistance of counsel in the county court because "counsel failed to present sufficient evidence and information for the [county court's] consideration in determining the proper sentence and thus her right to a fair sentencing hearing was prejudiced."

## STANDARDS OF REVIEW

[1-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Valentino*, 305 Neb. 96, 939 N.W.2d 345 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. But we independently review questions of law in appeals from the county court. *Id*. When deciding appeals from criminal convictions in county court,

we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id*.

[6-8] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Canaday, ante* p. 407, ___ N.W.2d ___ (2020). Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Martinez*, 306 Neb. 516, 946 N.W.2d 445 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

[9] Statutory interpretation presents a question of law, which an appellate court reviews independently. *State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020).

[10,11] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). We determine as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## ANALYSIS

*County Court Did Not Abuse*
*Its Discretion When*
*Imposing Sentence.*

Collins first claims that the district court erred when it rejected her claim that the county court imposed an excessive sentence. Collins' argument focuses on the sentence imposed for operating a motor vehicle to avoid arrest and specifically

on the county court's order revoking her license for 1 year. We find no abuse of discretion in the sentencing, and we therefore affirm the district court's order rejecting this claim.

The county court sentenced Collins to pay a fine of $750 for operating a motor vehicle to avoid arrest and a fine of $250 for obstructing a peace officer. In connection with the conviction for operating a motor vehicle to avoid arrest, the court also ordered that Collins' driver's license be revoked for 1 year. Collins' argument focuses on the sentence for operating a motor vehicle to avoid arrest. She does not appear to take issue with the $250 fine ordered for obstructing a peace officer, and we do not discuss that conviction or sentence further herein.

Operating a motor vehicle to avoid arrest had originally been charged by the State as a Class IV felony pursuant to § 28-905(3), but the State reduced the charge pursuant to the plea agreement and Collins pled guilty to operating a motor vehicle to avoid arrest as a Class I misdemeanor under § 28-905(2). Under Neb. Rev. Stat. § 28-106 (Reissue 2016), a Class I misdemeanor may be punished with imprisonment for up to 1 year, a fine of up to $1,000, or both. In addition, § 28-905(2)(b) provides:

> The court may, as part of the judgment of conviction under subdivision (a) of this subsection, order that the operator's license of such person be revoked or impounded for a period of not more than one year and order the person not to drive any motor vehicle for any purpose in the State of Nebraska for a like period. The revocation or impoundment shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked.

The county court's imposition of a fine of $750 in this case was within the statutory limits, and under § 28-905(2)(b), the county court had discretion to revoke Collins' license for up to 1 year. The district court on appeal from the county court noted that the county court did not impose a sentence of either imprisonment or probation, and the district court concluded

that imposition of only a fine was a lenient sentence in light of the circumstances. We agree that the imposition of a fine of $750 was well within the statutory range and was not an abuse of discretion given the circumstances of this case.

On appeal, Collins focuses her argument on the revocation of her license. When, as in this case, the offense of operating a motor vehicle to avoid arrest is a misdemeanor under § 28-905(2)(a), then under § 28-905(2)(b), the court "may" revoke the defendant's license for not more than 1 year. The use of "may" indicates that license revocation is discretionary when the offense is a misdemeanor. Compare § 28-905(3)(b) (providing that when offense is felony, court "shall" revoke defendant's license for 2 years).

[12-14] Collins argues the county court abused its discretion when it revoked her license because it did not consider relevant factors. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Collins contends that the county court failed to consider the circumstances of her life when it revoked her license. In particular, she notes that a license revocation will affect her ability to participate in drug court and her ability to transport

her children and herself to school. She also directs our attention to the county court's comment at the hearing on her motions for new trial and to reconsider sentence to the effect that a different sentence may have been imposed if the court had known some of the facts of Collins' life before imposing sentence.

With respect to the county court's alleged failure to consider the facts of Collins' life, the record shows that after Collins' counsel had made arguments regarding sentencing, and before it imposed sentence, the county court asked whether there was anything Collins wanted to say and she declined to comment. We view this as the county court's having given Collins the opportunity to bring relevant information to its attention, and the court did not abuse its discretion when it did not question her regarding unknown matters she now asserts were relevant to her sentencing.

Further to her excessiveness claim, Collins contends the county court "gave excessive weight to the facts and circumstances of the case." Brief for appellant at 18. We believe this contention tends to minimize the nature of the offense. We note in this regard that the factual basis provided by the State for Collins' plea indicates that in committing the offense of operating a motor vehicle to avoid arrest, Collins "sped away from the traffic stop at a high rate of speed," that she was estimated to have driven "about 50 miles an hour through a residential neighborhood," and that she "violate[d] the traffic sign . . . without slowing down, crossing traffic." Such circumstances were relevant to the county court's decision whether to impose a license revocation. Notwithstanding the hardship a license revocation invariably imposes on an offender, we do not find that the county court abused its discretion when it relied on the facts and circumstances of the case and ordered license revocation.

We conclude that the sentence imposed by the county court was not an abuse of discretion and that therefore, the district court did not err when it rejected Collins' argument that the sentence was excessive.

*County Court Was Allowed by*
*Statute to Apply Bond to*
*Fines and Costs.*

Collins next claims that the district court erred when it rejected her claim that the county court erred when it ordered that her bond be applied to pay the fines and costs imposed as part of her sentence. We conclude that at the time of the sentencing, the statutes allowed the county court to so order, and that the district court did not err when it rejected this claim.

Collins contends that the county court's order to deduct fines and costs from the bond deposit violated § 29-901, *State v. Zamarron*, 19 Neb. App. 349, 806 N.W.2d 128 (2011), and *State v. McKichan*, 219 Neb. 560, 364 N.W.2d 47 (1985). Section 29-901 provides in part that a deposit of not more than 10 percent of the amount of the bond may be made with the clerk of the court, with "ninety percent of such deposit to be returned to the defendant upon the performance of the appearance or appearances and ten percent to be retained by the clerk as appearance bond costs." In *Zamarron, supra*, the Nebraska Court of Appeals concluded that the district court erred when it applied the defendant's appearance bond to pay court costs that the defendant had been ordered to pay as part of his sentence. The Court of Appeals cited § 29-901 and stated that an "appearance bond must be refunded (less any applicable statutory fee) after full compliance with all court orders to appear." *Zamarron*, 19 Neb. App. at 352, 806 N.W.2d at 130. The Court of Appeals also cited *McKichan, supra*. In *McKichan*, this court had held that "the deposit of cash in lieu of or in support of bail under § 29-901 is for the purpose only of ensuring the defendant's appearance in court when required; and upon full compliance with any such court orders and release of bail, the statutory refund must be made." 219 Neb. at 563, 364 N.W.2d at 49. Collins argues that the use of the word "must" in both *McKichan* and *Zamarron* indicates that the appellate courts have interpreted the refund under § 29-901 to be mandatory.

But as the district court noted in its order which affirmed Collins' convictions and sentences subsequent to the decisions in both *McKichan* and *Zamarron*, the Legislature in 2012 amended § 29-2206 by adding subsection (3), which provided that the court "may deduct fines or costs from a bond posted by the offender to the extent that such bond is not otherwise encumbered by a valid lien, levy, execution, or assignment to counsel of record or the person who posted the bond." Collins maintains that § 29-2206 conflicts with § 29-901 and that reading the two statutes in pari materia yields an ambiguity which must be resolved by applying the language of § 29-901, which makes a refund mandatory.

[15,16] We disagree with Collins' reading of the two statutes. Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. *State v. Street*, 306 Neb. 380, 945 N.W.2d 450 (2020). And to the extent there is a conflict between two statutes, the specific statute controls over the general statute. *Id*. Both § 29-901 and § 29-2206 address disposition of bonds, and we must read them in a manner such that they are consistent, harmonious, and sensible when considered with one another.

Collins proposes that any conflict between the statutes must be resolved by favoring § 29-901, which she asserts is the specific statute regarding return of a bond and controls over § 29-2206. Because Collins' reading of the statutes does not make the statutes consistent, harmonious, and sensible with one another and under her reading § 29-901 nullifies § 29-2206, we reject Collins' proposal.

[17] Instead, we read § 29-901 as providing that generally, 90 percent of the bond deposit is to be returned to the defendant; however, § 29-2206 provides a specific exception to that general rule in that it allows the court to deduct fines and costs from the bond deposit prior to return of the remainder,

if any. This reading of the statutes is bolstered by the fact that the relevant language in § 29-901 existed at the time the relevant language was added to § 29-2206. In enacting a statute, the Legislature must be presumed to have knowledge of all previous legislation upon the subject. *In re Estate of Psota*, 297 Neb. 570, 900 N.W.2d 790 (2017). The Legislature is also presumed to know the language used in a statute, and if a subsequent act on the same or similar subject uses different terms in the same connection, the court must presume that a change in the law was intended. *Id*. See, also, *Shipler v. General Motors Corp.*, 271 Neb. 194, 216, 710 N.W.2d 807, 829 (2006) ("last expression of legislative will is the law"). Therefore, we presume that when it amended § 29-2206 in 2012 to allow a court to deduct fines and costs from a bond, the Legislature was aware of the language of § 29-901 requiring the return of 90 percent of the bond deposit to the defendant. We therefore presume the Legislature specifically intended that the deduction of fines and costs was an exception to the general rule that the bond deposit is to be returned to the defendant.

We conclude that when the county court entered its order on April 3, 2019, § 29-2206 allowed it to deduct fines and costs from the bond deposit and § 29-901 did not prohibit it from doing so. We therefore conclude that the district court did not err when it affirmed the county court's order to deduct fines and costs from Collins' appearance bond deposit.

*Collins Has Not Shown*
*Ineffective Assistance*
*of Counsel.*

Collins finally claims that she received ineffective assistance of counsel in the county court because at the sentencing hearing, "counsel failed to present sufficient evidence and information for the [county court's] consideration in determining the proper sentence and thus her right to a fair sentencing hearing was prejudiced." We conclude that the record on direct appeal does not show ineffective assistance.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. See *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). We have said the record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

[18-21] To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

We note as an initial matter that in her brief, Collins argues in part that counsel provided ineffective assistance because counsel "failed to ask for [her] bond to be released to her." Brief for appellant at 28. We do not think this argument is encompassed within Collins' assignment of error in which she alleges that "counsel failed to present sufficient evidence and information for the [county court's] consideration in determining the proper sentence." See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019) (providing that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance). In any event, this claim is unavailing because as we discussed above, at the time the county court ordered that fines and costs be

deducted from Collins' bond, the county court had statutory authority to do so whether or not Collins requested return of the bond, and therefore, counsel's alleged failure to ask that the bond be released to her did not prejudice Collins.

As quoted above, Collins primarily asserts that counsel provided ineffective assistance when "counsel failed to present sufficient evidence and information for the [county court's] consideration in determining the proper sentence." She specifically argues that at sentencing, counsel failed to present the evidence that counsel later asserted in the motions for new trial or to reconsider sentence all to the effect that newly discovered evidence would show that a license revocation would be a hardship for Collins. We determine that the record on direct appeal does not show that counsel's performance was deficient in this regard and that the record refutes a finding that any such deficiency was prejudicial.

Regarding deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Anderson, supra*. The record on direct appeal does not contain evidence which would assist this court in assessing what factors a lawyer with ordinary training and skill would have presented at the sentencing, nor does it indicate that Collins' counsel behaved unreasonably when he focused on avoiding a sentence of imprisonment at the expense of other features of the sentence.

In the affidavit of counsel offered in support of the motions for new trial and to reconsider sentence, counsel states that "[d]ue to the urgency" of getting Collins into drug court, counsel "had limited time between plea negotiations and plea entry to discuss sentencing with [Collins]," and that counsel "was unaware of certain facts about [Collins] that are material to sentencing." But rather than declaring that such circumstance showed deficient performance, counsel stated to the contrary that "due to extenuating circumstances, [counsel] could not have with reasonable diligence discovered and produced [such evidence] prior to or during sentencing." Counsel's affidavit, taken as a whole, refutes a determination that counsel's

failure to present the evidence at sentencing constituted deficient performance.

Further, we believe that the record also refutes a finding of prejudice. Regarding prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, and a reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). Collins gains some support for her allegation of prejudice from the county court's comment at the hearing on the motions for new trial and to reconsider sentence that if it "had known some of these things beforehand, [it] probably would have likely ruled differently." However, the county court's comment is vague as to what the court would have done differently and we cannot presume that the court would not have imposed a license revocation. We cannot find that the court's comment establishes a probability sufficient to undermine confidence in the outcome.

We have reviewed the record and find that it refutes a finding of prejudice even if counsel had been deficient. At the plea hearing, the State informed Collins of the sentencing range for the amended charges and stated that as to the charge of operating a motor vehicle to avoid arrest, "your driver's license will also be revoked for up to one year." Collins stated that she understood the charges and possible penalties just recited.

The State's advisement, such as it was, could only have alerted Collins and her counsel that license revocation could follow. Later, in the plea colloquy, the county court asked Collins whether she had "had enough time to think about [her] plea and discuss it with [counsel]," and Collins replied that she had. After accepting Collins' plea and before pronouncing sentence, the county court allowed counsel to argue on behalf of Collins. After Collins' counsel's argument, the county court asked whether Collins had "anything she wishe[d] to say," and Collins replied, "No."

The record of the plea and sentencing hearing shows that even if counsel was deficient in failing to inform Collins of

the possibility of a license revocation and to solicit information from Collins relevant to that possibility, such deficiency did not prejudice Collins. After the State stated "your driver's license will also be revoked for up to one year," the court gave Collins the opportunity to say she had not discussed the issue of a license revocation with counsel; instead, she said she had had sufficient time to discuss her plea with counsel. Also, prior to sentencing and after hearing the argument counsel had made on her behalf, the court provided Collins the opportunity to inform it of circumstances relevant to sentencing that had not been presented by counsel, but she chose not to say anything.

We conclude that the record on direct appeal refutes Collins' claim of ineffective assistance of counsel. We therefore reject Collins' claim on direct appeal that counsel provided ineffective assistance at sentencing.

## CONCLUSION

We conclude that the district court did not err when it rejected Collins' claim that the county court imposed excessive sentences and her claim that the county court erred when it ordered that fines and costs be deducted from her bond. We further conclude that Collins' claim of ineffective assistance of counsel is refuted by the record on direct appeal. We therefore affirm the district court's order which affirmed Collins' convictions and sentences.

AFFIRMED.