IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. KING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DEVONTE M. KING, APPELLANT.

Filed March 28, 2023.    No. A-22-567.

Appeal from the District Court for Lincoln County: PATRICK M. HENG, Judge. Affirmed.

Devonte M. King, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

### INTRODUCTION

Devonte M. King appeals from the order of the Lincoln County District Court affirming his convictions and sentences in the county court, which arose from King driving without a driver's license, proof of insurance, or proper license plates. King contends his constitutional rights were violated as a result of his convictions. He claims he is not subject to Nebraska statutes regarding the operation of a motor vehicle on public highways and further argues that the statutes under which he was convicted are unconstitutional. We recently decided a case involving King's similar convictions in Hamilton County, Nebraska, and many of the arguments he made on appeal in that case, he makes again here. See *State v. King,* No. A-21-872, 2022 WL 3036180 (Neb. App. Aug. 2, 2022) (selected for posting to court website). As we did previously, we affirm King's convictions and sentences.

BACKGROUND

An amended complaint was filed on November 2, 2021, in the county court for Lincoln County charging King with "No Proof of Insurance" pursuant to Neb. Rev. Stat. § 60-3,167 (Reissue 2021), a Class II misdemeanor; "No Operator's License" pursuant to Neb. Rev. Stat. § 60-484 (Reissue 2021), a Class III misdemeanor; and "Unlawful or Fictitious Plates" pursuant to Neb. Rev. Stat. § 60-399(1) (Reissue 2021), a Class III misdemeanor. All charges related to King's operation of a motor vehicle upon a street, alley, or public roadway or highway in Lincoln County, Nebraska, on or about November 1, 2021.

A bench trial took place on March 24, 2022, at which time the county court also took up a motion to dismiss filed by King. King appeared pro se, choosing not to have an attorney; however, stand-by counsel was available to him. After considering King's written arguments and those made by the State, the court overruled King's motion and the case proceeded to trial. Officer Alexander Parker from the North Platte Police Department testified that on November 1, 2021, at approximately 8:20 p.m., he saw a vehicle make an improper turn and then he also noticed a sign or placard that said "Private Property" where the vehicle's license plate should have been. After initiating a traffic stop, Officer Parker asked King for his name and license, to which King responded that he was not going to give him any documents. King was arrested for "obstruction." Once placed in handcuffs, King started getting "mouthy," "acting very confrontational, . . . verbally confrontational." Once at the detention center, King's identity was determined by "people at the jail" and with jail records. According to "NCJIS records," there was no active insurance on King's vehicle and King did not have an active driver's license. Officer Parker also confirmed that there were "placards on the vehicle in place of a state-issued license plate."

King informed the county court that he had "no evidence," he did "nothing wrong," and "[t]here's nothing to prove." King further indicated that "[e]verything is in writing." "But, about the fake license plate, . . . it's just a sticker . . . [and] that's freedom of speech." The court proceeded to find King guilty of all three charges and sentenced King to pay fines of $200 (no proof of insurance), $75 (no operator's license), and $50 (fictitious plates), and he was given 60 days to pay. A written order consistent with the court's orally pronounced findings and sentences was entered the same day.

On April 7, 2022, King appealed to the district court. In his statement of errors filed on April 19, he claimed that the "state of Nebraska and its employees are infringing on [his] liberty and religious beliefs to be free. They are doing so by way of imprisonment and fines for not being a participant and contracting with the state's motor vehicle program." He asserted that "[a]ll of the statutes infringe and deny [him his] right to liberty and the pursuit of happiness, as well as [his] right to own and acquire private property"; that his "Right to liberty and religion of freedom supersedes the State and its employees' powers to imprison and force license taxes on [him] and [his] private property via drivers [sic] license and license plate registration"; and "Everything the people own does not have to be commercialized and taxed by the government." He asserted that he did "nothing wrong," that "[a]ll taxes are voluntary," and that "Nebraska and its employees are going beyond the Federal and State constitutional limitations, by forcing people to be tax slaves." He claimed he did not reside in any state, was not a resident or inhabitant, and was "a free and independent man" whose liberty was "protected and guaranteed by various constitutions." He

claimed that he did not "consent to participation in the DMV program," and that "[i]mprisoning [him] for not paying the state and DMV taxes is slavery." King included citations to the U.S. Code (definition of "motor vehicle" and "used for commercial purposes"), the U.S. Constitution, U.S. Supreme Court cases, and the Nebraska Constitution.

A hearing was held before the district court on July 11, 2022. King appeared pro se (with stand-by counsel); he presented no evidence and made no arguments to the court. He informed the court that he had filed "paperwork" for the court to review.

The State argued that there was sufficient evidence presented for all three of King's convictions. The State noted that King's statement of errors is "a mixed bag of Federal Code as well as [s]tate statutes, constitution" and that "[t]his is a prosecution under the law of the State of Nebraska, not under federal [law] that the US Code would apply to." The State then addressed King's argument that state statutes regulating the use of a motor vehicle are unconstitutional, stating that such statutes fall under "a public need exception" and are necessary to ensure "that the vehicles are safe, that the operator of that vehicle is properly trained," and "in the event that the operator of that vehicle is involved in an accident, whether negligently or not, that the automobile is properly insured to cover any costs of any negligence from the operator." The district court took take the matter under advisement.

On July 25, 2022, the district court entered an order affirming the convictions and sentences of the county court. The district court took judicial notice of the county court transcript, King's statement of errors, King's affidavits, the county court bill of exceptions, and two documents filed by King on July 11: a "Revocable Trust Declaration" and a "Certification of Voluntary Surrender of License" (signed by King on July 27, 2021). It found that it was "clear that the State proved each of the Counts 1, 2 and 3 beyond a reasonable doubt" and noted that, although King appeared pro se at trial, he had "stand-by counsel during the proceedings." It acknowledged that King's position at trial and on appeal was that "the State or Department of Motor Vehicles have no jurisdiction over him as a private citizen owning a private automobile"; that "the statutes relied upon by the State in this matter deprive [King] of his 'life, liberty or property without due process of law'"; and that "the State cannot require him to obtain a [driver's] license or to register his automobile."

The district court found "that the record does not show that there was an abuse of discretion on the part of the county court," and that "the county court's decision conforms with the law, is supported by competent evidence and is neither arbitrary, capricious nor unreasonable, and the fines imposed were within the statutory limits." The district court affirmed the judgment of the county court and stated that King's "appeal is denied."

King now appeals the district court's decision.

## ASSIGNMENTS OF ERROR

King, pro se, raises allegations that his constitutional rights were violated and that the Nebraska statutes regulating the use of motor vehicles do not apply to him and are unconstitutional. We note that King's brief does not comply with appellate court rules in that it does not include a separate assignments of error section as mandated by Neb. Ct. R. § 2-109(D) (rev. 2022). His brief primarily consists of numbered citations to various United States Supreme Court cases, the U.S. Constitution, and the Nebraska Constitution. While his brief contains a separate "Argument"

section, King intersperses throughout his brief various arguments and assertions that his constitutional rights were violated. Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review, or declining to conduct any review at all. *Great Northern Ins. Co. v. Transit Auth. of Omaha*, 308 Neb. 916, 958 N.W.2d 378 (2021), *disapproved on other grounds, Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022). In following the rules promulgated by the Nebraska Supreme Court, pro se litigants are held to the same standards as a litigant represented by counsel. See *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). Due to King's failure to comply with the formatting requirements for an appellate brief, we proceed to review the record for plain error. Our references to specific pages of King's brief are based on the page number that would be associated with the page had the brief's pages been properly numbered, which they were not.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Collins*, 307 Neb. 581, 950 N.W.2d 89 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id*.

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022).

## ANALYSIS

King's previous convictions in Hamilton County are nearly identical to those in the present case, and King raised similar arguments on appeal in that case as he does again here. See *State v. King,* No. A-21-872, 2022 WL 3036180 (Neb. App. Aug. 2, 2022) (selected for posting to court website). In his previous appeal, King was convicted of driving without a driver's license, vehicle registration, or proof of insurance, and he argued on appeal that "Nebraska law regulating the operation of a motor vehicle on its public highways is not applicable to him, as he was not 'engaged in commercial activity.'" *Id*. at *3. He claimed that "the state cannot 'constitutionally deny [his] right to use the interstate-highway unless there is iron clad proof [he] was engaged in commercial activity' and that the state may not 'impose a charge for the enjoyment of a right granted by the federal constitution.'" *Id*. He also argued that he was "deprived of his 'Right to enjoyment of Life and Liberty.'" *Id*.

Here, King argues that "[N]ebraska continues to deprive [him] of life[,] liberty[,] and property under the guise of commercial activity and the false legal presumption that [he is] a resident or US citizen." Brief for appellant at 3. He claims that he was "imprisoned for over 100 days, and had [his] property stolen, all under the guise of commercial activity . . . and [he was a]

US citizen under voluntary servitude." *Id.* at 7. He states that he is "not a driver" and he "do[es] not operate or drive a motor vehicle in a commercial capacity." *Id*. He further claims he has "the right and liberty to acquire private property and use it as [he] choose[s], including moving from point A to point B" and that "[i]t is unconstitutional to deprive [him] of the right to do so." *Id.*

Like he did in his previous appeal, he argues that the State "may not impose a charge for the enjoyment of a right granted by the Federal Constitution." Brief for appellant at 4. He claims that "[a]ll statutes are repugnant to the U.S. Constitution," the state "shall not deny, infringe or punish [him] for the enjoyment of inherent and inalienable liberty rights," and the State may not "turn rights into a privilege and force license, tax, and DMV contracts." *Id.* at 2.

As we found in King's previous appeal, these arguments are without merit. The United States Supreme Court has upheld state statutory schemes requiring individuals to obtain licenses and register their vehicles before legally being able to use their vehicles on state highways. See *Hendrick v. Maryland*, 235 U.S. 610, 35 S. Ct. 140, 59 L. Ed. 385 (1915) (in absence of national legislation, state may rightfully prescribe uniform regulations necessary for public safety and order in respect to operation upon its highways of all motor vehicles--those moving in interstate commerce as well as others; such regulations may include requiring registration of such vehicles and licensing of their drivers). The Nebraska Supreme Court has similarly upheld the applicability of licensing and registration requirements pursuant to Nebraska statutes. See, e.g., *State v. Meints*, 223 Neb. 199, 388 N.W.2d 813 (1986) (contention that driving of motor vehicle is activity which is not subject to regulation by requiring that driver be licensed is without merit); *Peterson v. Department of Public Works*, 120 Neb. 517, 234 N.W. 95 (1931) (state may exact compensation in form of licensing and registration fees for use of public highways by motor vehicle).

To the extent King claims that Nebraska's statutory scheme imposes an impermissible charge on the exercise of his constitutional rights, the Nebraska Supreme Court has observed that such statutes do not "directly interfere[] with the rights of citizens of the United States to pass through the state." *Peterson v. Department of Public Works*, 120 Neb. at 522, 234 N.W. at 97. Rather, the statutes "attempt[] to regulate the operation of dangerous machines [in the form of motor vehicles] on the highways, and to charge for the use of valuable facilities." *Id*. It thus follows that Nebraska's licensing and registration requirements do not charge King to exercise his constitutional right to interstate travel; rather, the statutes charge King for the operation of a motor vehicle on public highways. See *id*. In light of this precedent, King's argument that he is not subject to Nebraska's licensing and registration requirements fails.

King does not dispute that he was operating a motor vehicle without a driver's license, proof of insurance, or proper license plates. We find no plain error in the district court's decision to affirm King's convictions and sentences.

CONCLUSION

For the reasons set forth above, we affirm the order of the district court affirming King's convictions and sentences.

AFFIRMED.